IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RICHARD DARON KENNEDY, ) | |
| AIS #196984, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:09-CV-275-TMH |
| ) | [WO] |
| ) | |
| JUDGE EUGENE REESE, ) | |
| ) | |
| Defendant. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This case is before the court on a 42 U.S.C. § 1983 complaint filed by Richard Daron Kennedy ["Kennedy"], a state inmate presently confined at the Staton Correctional Facility. In this complaint, Kennedy challenges actions taken against him during a civil proceeding before the Circuit Court of Montgomery County, Alabama. Specifically, Kennedy complains Eugene Reese, the state judge who presided over his civil proceeding, violated his constitutional rights when Reese issued an order denying a petition for writ of certiorari absent a hearing on the issue presented in the petition.[1] Kennedy also asserts he "believes that [the denial of his petition for certiorari without a hearing resulted from] a conspiracy between the parties [to his civil suit] and Judge Reese...." *Affidavit in Support of Complaint - Court Doc.*

---

[1] In the state petition for writ of certiorari, Kennedy attacked the validity of information, i.e., information indicating Kennedy waived his pretrial arraignment, contained in a criminal file before the Circuit Court of Mobile County, Alabama. *Affidavit in Support of Complaint - Court Doc. No. 1-2* at 1.

*No. 1-2* at 2. Kennedy seeks declaratory relief, monetary damages and expungement of information contained on the docket of the criminal case before the Circuit Court of Mobile County, Alabama. *Plaintiff's Complaint - Court Doc. No. 1* at 4.

Upon review of the allegations contained in the complaint, the court concludes that this case is due to be dismissed prior to service of process pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i), (ii) and (iii).[2]

## II.  DISCUSSION

### A.  The Request for Monetary Damages from Judge Reese

Kennedy complains Judge Reese failed to conduct a hearing on the petition for writ of certiorari and issued an order denying such petition despite evidence supporting his claim for relief. *Plaintiff's Complaint - Court Doc. No. 1* at 2-3; *Affidavit in Support of Complaint - Court Doc. No. 1-2* at 1-4. Notwithstanding his protestations to the contrary, it is clear the allegations made by Kennedy against Judge Reese emanate from actions taken by the defendant in his judicial capacity during state court proceedings over which he had jurisdiction. The law is well established that a state judge is "entitled to absolute judicial immunity from damages for those acts taken while ... acting" pursuant to his judicial authority. *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000); *Forrester v. White*, 484 U. S. 219, 227-229 (1988); *Paisey v. Vitale in and for Broward County*, 807 F.2d 889 (11th Cir. 1986); *Stump v. Sparkman*,

---

[2]The court granted Kennedy leave to proceed *in forma pauperis* in this cause of action. *Court Doc. No. 3*. A prisoner who is allowed to proceed *in forma pauperis* will have his complaint screened under the provisions of 28 U.S.C. § 1915(e)(2)(B) which requires this court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

2

435 U.S. 349 (1978). "This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction." *Bolin*, 225 F.3d at 1239. Accordingly, Kennedy's claims for monetary damages against Judge Reese are "based on an indisputably meritless legal theory" and are therefore due to be dismissed under the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (iii). *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).[3]

### B. The Request for Declaratory Relief from the Order Issued by Judge Reese

To the extent Kennedy seeks declaratory relief from the adverse decision issued by Judge Reese, he is not entitled to this relief as there is an adequate remedy at law. *Bolin*, 225 F.3d at 1242 ("In order to receive declaratory or injunctive relief, plaintiff[] must establish that there was a [constitutional] violation, that there is a serious risk of continuing irreparable injury if the relief is not granted, and the absence of an adequate remedy at law."). Specifically, Kennedy could appeal the order issued by Judge Reese to the appropriate state appellate court. Since state law provides an adequate remedy for Kennedy to challenge Judge Reese's order, he is "not entitled to declaratory or injunctive relief in this case." *Id*. at 1243.

### C. The Conspiracy Claim

Kennedy makes the specious allegation that the denial of his petition for writ of certiorari resulted due to a conspiracy between Judge Reese and the respondents in the state civil action. *Plaintiff's Complaint - Court Doc. No. 1* at 3; *Affidavit in Support of Complaint - Court Doc. No. 1-2* at 2-3. A conspiracy claim justifiably may be dismissed because of the

---

[3] Although *Neitzke* interpreted the provisions of 28 U.S.C. § 1915(d), the predecessor to § 1915(e)(2), the analysis contained therein remains applicable to the directives contained in the present statute.

conclusory, vague and general nature of the allegations. *Fullman v. Graddick*, 739 F.2d 553, 556-557 (11th Cir. 1984). The court has carefully reviewed the instant complaint. At best, the assertions made by Kennedy relative to a purported conspiracy are self serving, purely conclusory allegations that fail to assert those material facts necessary to establish the existence of a conspiracy between the defendants. *Strength v. Hubert*, 854 F.2d 421, 425 (11th Cir. 1988) (to properly state a claim for relief based on a conspiracy, a plaintiff must plead that the offending parties "reached an understanding" to deny the plaintiff his constitutional rights); *Harvey v. Harvey*, 949 F.2d 1127, 1133 (11th Cir. 1992) (merely "stringing together" acts, without showing parties "reached an understanding" to violate plaintiff's rights, is insufficient to demonstrate the existence of a conspiracy). Other than his suppositious allegation, Kennedy presents nothing, nor can this court countenance any evidence, which would indicate Judge Reese entered into a conspiracy with parties to a civil case pending before him to deprive Kennedy of his constitutional rights.

In light of the foregoing, the court concludes that Kennedy's bare allegation of a conspiracy between Judge Reese and civil litigants in the state action is insufficient to support a claim for relief under 42 U.S.C. § 1983. *Harvey*, 949 F.2d at 1133; *Fullman*, 739 F.2d at 556-557. This claim is therefore subject to dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED with prejudice prior to service of process in accordance with the directives of 28

U.S.C. § 1915(e)(2)(B)(i), (ii) and (iii).

It is further

ORDERED that on or before April 29, 2009 the parties may file objections to this Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 16th day of April, 2009.

      /s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE